# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CV-1294 CAS |
| v. ) | |
| ) | |
| ONTEL PRODUCTS CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Ontel Products Corp.'s ("Ontel") motion to stay this litigation or in the alternative for an extended discovery and briefing schedule. Plaintiff FURminator, Inc. ("Furminator") opposes the motion. For the following reasons, the Court will deny Ontel's motion to stay the case and deny as moot its alternative motion for an extended discovery and briefing schedule.

**Motion to Stay**.

Ontel requests the Court to stay this matter pending the outcome of the appeal filed by Furminator in the related case Furminator, Inc. v. Ontel Products Corp., et al., No. 4:06-CV-23 CAS (E.D. Mo.) ("Furminator I"), currently pending before the United States Court of Appeals for the Federal Circuit. The appeal concerns this Court's denial of Furminator's motion for a preliminary injunction against Ontel and other defendants with respect to U.S. Patent No. 6,782,846 B1 (the "First Porter Patent"). Ontel asserts that the Federal Circuit's decision will directly affect the issues raised by Furminator in its new complaint and preliminary injunction motion, which concerns U.S. Patent No. 7,077,076 B2 (the "Second Porter Patent"), as the principal claim at issue in the Second

Porter Patent is very similar to the one previously considered by the Court in connection with the First Porter Patent.

Ontel contends that the issues on appeal in Furminator I and the issues raised in this case are "virtually identical–namely, whether prior art renders Furminator's patent invalid and the correct construction of Furminator's patent claims." Ontel's Mem. Supp. Mot. Stay at 1. Ontel states that if the prior art is found to have anticipated the First Porter Patent, it will also anticipate the Second Porter Patent. Ontel asserts that because the Federal Circuit's decision will have a direct effect on Furminator's motion for preliminary injunction in this case, staying the case will serve to avoid a waste of time and resources by the Court and the litigants.

Furminator responds that the motion to stay fails to acknowledge that the instant matter involves a different patent with different claim language. Furminator states that Ontel's reliance on a "validity" argument concerning the First Porter Patent is misplaced, as it is unlikely the Federal Circuit will decide the issue of validity because this Court expressly declined to reach that issue in denying the motion for preliminary injunction in Furminator I, and Ontel did not file a cross-appeal on the issue. Furminator also states that it made the Patent and Trademark Office ("PTO") aware of the defendants' claims of invalidity from Furminator I, and the patent examiner reviewed the prior art submitted in Furminator I before issuing the Second Porter Patent.

Furminator asserts that the pertinent claim language in the Second Porter Patent is materially different than the language at issue in Furminator I, and that Ontel's ShedEnder product infringes the new claims in the Second Porter Patent. Specifically, Furminator states that the Court relied on the phrase "pulling the handle portion generally along the handle axis" in the First Porter Patent to find that Furminator was not likely to succeed on the merits of its patent infringement claim. Furminator,

2

Inc. v. Ontel Prods. Corp., 429 F.Supp.2d 1153, 1174 (E.D. Mo. 2006). In contrast, Furminator states that the Second Porter Patent does not require "pulling the handle portion generally along the handle axis," but rather the method claims of the Second Porter Patent provide that the pet engageable portion of the grooming tool "is moved in a _first direction_ while the pet engageable portion is in engagement with the pet, the first direction being a direction in which the trailing surface trails the leading surface." See Ex. 1 to Furminator's Opp., Second Porter Patent, Col. 5:25-6:3 (emphasis added). Thus, Furminator contends that the key language the Court relied on in Furminator I to distinguish the accused products and methods is not present in the Second Porter Patent, and that Ontel's product infringes the Second Porter Patent even under the Court's current claim construction of the First Porter Patent.

Ontel replies that the question of patent validity is properly before the Federal Circuit, as there is evidence in the Furminator I record concerning prior art and invalidity, even though this Court did not reach the issue of validity. Ontel states that as a party who prevailed on non-infringement, it could not file a cross-appeal to challenge claim construction, but rather could only assert alternative grounds in the record for affirming the judgment, citing Honeywell Int'l, Inc. v. ITT Indus., Inc., 154 F. App'x 204, 205 (Fed. Cir. 2005) (cited cases omitted). Thus, the alternative ground of invalidity is before the Federal Circuit.

Ontel further replies that district courts regularly invalidate patents over prior art considered by the PTO, even where the patent has been examined and re-examined by the PTO with specific focus on the same prior art which the court later determined invalidated the patent. Ontel states that Furminator provided the patent examiner with "thousands of pages" of the record from Furminator I, but only after she had indicated her approval of the claims in the second patent application, and that

Furminator did not provide examiner with the actual prior art stripping knives or focus her attention on the "specific pieces of prior art that presented so much trouble for Furminator in the first case." Ontel Reply at 8.

Ontel's motion to stay presents a matter that is within the Court's discretion. In this instance, the Court concludes that a stay is not appropriate. The claim language of the First Porter Patent which was crucial to the Court's denial of the motion for preliminary injunction is absent from the Second Porter Patent. As a result, the Court does not believe that the Federal Circuit's ruling on claim construction in <u>Furminator I</u> will control the issue of claim construction in the instant matter. In addition, although the issue of patent validity is before the Federal Circuit, it is not the central issue of the appeal and the Federal Circuit may not address it. Thus, it is possible the <u>Furminator I</u> appeal will have little or no effect on the instant case. As a result, the factors which counsel in favor of staying <u>Furminator I</u> do not apply to <u>Furminator II</u>, and Furminator should have the right to proceed with the prosecution of this case. Ontel's motion to stay the litigation should therefore be denied.

**Motion for Extended Discovery and Briefing Schedule**.

Ontel's motion for an extended discovery and briefing schedule should be denied as moot because the parties have, at the Court's request, submitted an agreed-upon discovery and briefing schedule which has been incorporated into a pre-hearing scheduling order, and a hearing on the motion for preliminary injunction has been scheduled for November 14, 2006.

**Conclusion**.

For the foregoing reasons, Ontel's motion to stay the litigation should be denied and its alternative motion for an extended discovery and briefing schedule should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ontel Products Corp.'s motion to stay this litigation is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that defendant Ontel Products Corp.'s alternative motion for an extended discovery and briefing schedule is **DENIED as moot**. [Doc. 10]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of September, 2006.