UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FURMINATOR, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:06-CV-1294 CAS |
| v. | ) | |
| | ) | |
| ONTEL PRODUCTS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on a discovery dispute brought to the Court's attention via telephone conference call on November 1, 2006.

**Background and Parties' Arguments**.

Defendant Ontel Products Corp. ("Ontel") has identified a Mr. Kim Laube as a fact witness for the preliminary injunction hearing scheduled in this case. Mr. Laube's company is a defendant in another patent infringement case filed in this district by the plaintiff, Furminator, Inc. v. Kim Laube & Co., Inc., No. 4:06-CV-1314 DJS. A dispute has arisen over the scope of Mr. Laube's deposition, which is scheduled for Friday, November 3, 2006.

Ontel states that it is offering Mr. Laube's testimony only to authenticate certain prior art tools and devices, and not as a patent law expert or to given opinions as to whether Furminator copied any of the prior art in making its Furminator device. Mr. Laube argues that plaintiff should not be able to take a "general discovery deposition" and should be limited to asking questions about authenticating and identifying the alleged prior art. Mr. Laube seeks to preclude plaintiff from inquiring about his confidential business and sales information, or his accused device.

Plaintiff Furminator responds that it has the right to ask questions which will get into issues concerning Mr. Laube's bias, and issues of obviousness under 28 U.S.C. § 103, including copying and commercial sales and success. Plaintiff states that because the tools and devices Mr. Laube will be authenticating are offered to invalidate its patent, issues of bias, copying, and commercial sales and success are critical, and it would be unfair to the plaintiff if this witness is allowed to testify concerning prior art devices in an attempt to invalidate plaintiff's patent, but plaintiff is not allowed to ask questions about issues that could help its case. Plaintiff states that it would agree to exclude Mr. Laube's deposition in this case from its case against his company, No. 4:06-CV-1314 CAS.

Mr. Laube replies in part that because he will only be testifying to authenticate prior art, issues of copying are irrelevant, as prior art by definition cannot be a copy of plaintiff's device.

**Ruling**.

Based on the parties' arguments, the Court makes the following rulings. As with any fact witness, Furminator may ask questions designed to elicit Mr. Laube's background and any potential grounds for bias. Furminator may also ask questions concerning Mr. Laube's authentication and identification of the alleged prior art, including where he obtained the items, what they are used for, how they are used, etc. Furminator may not ask any questions which would call for the witness to give an opinion in response. Furminator may not ask the witness about the commercial sales or success of Mr. Laube's company's grooming tool.

**SO ORDERED**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __1st__ day of November, 2006.