UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., | ) |
| Plaintiff, | ) |
| | ) No. 4:06-CV-1294 CAS |
| v. | ) |
| ONTEL PRODUCTS CORP., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Kim Laube & Company, Inc.'s ("Laube") motion to consolidate for pretrial purposes this action and Furminator, Inc. v. Kim Laube & Co., Inc., 4:06-CV-1314 DJS (Laube), and to stay all proceedings in Laube pending resolution of the plaintiff's motion for preliminary injunction filed in this action. Plaintiff FURminator, Inc. ("Furminator") opposes the motion and the matter is now fully briefed. For the following reasons, the Court will deny Laube's motion to consolidate and deny as moot its motion to stay proceedings.

**Motion to Consolidate**.

The instant matter was filed on August 28, 2006. In the complaint, Furminator alleges that defendant Ontel Products Corp.'s ShedEnder pet grooming tool infringes Furminator's U.S. Patent No. 7,077,076 (the '076 patent). Furminator previously filed another action against Ontel, Furminator, Inc. v. Ontel Products Corp., et al., No. 4:06-CV-23 CAS ("Furminator I") which asserts that the ShedEnder grooming tool infringes Furminator's U.S. Patent No. 6,782,846 (the '846 patent). In Furminator I, the Court denied Furminator's motion for preliminary injunction and an interlocutory appeal of that ruling is currently pending before the United States Court of Appeals for

the Federal Circuit. On August 31, 2006, Furminator filed the Laube action, alleging that Laube's iVac pet grooming tool violates the '846 patent and the '076 patent.

Laube contends that the efficient administration of justice would be furthered by consolidating Laube into this case for pretrial purposes, because the cases involve significant common questions of law and fact related to the invalidity and unenforceability of the '846 and '076 patents. Laube asserts that the patents derive from a common application, because the '076 patent is a continuation of the '846 patent, and that the claims of the two patents are substantially similar. Laube contends that the two patents are invalid and unenforceable, and states that to prove these defenses it will rely on much of the same evidence and prior art submitted by the parties in the instant case and in Furminator I. Laube also asserts that discovery in the instant case has not progressed to such a point that consolidating the cases would result in delay or prejudice to any party.

Furminator responds that much of Laube's motion is moot, because the motion for preliminary injunction in the instant case was withdrawn on November 7, 2006. Furminator further responds that consolidation of the two actions is inappropriate because the cases involve different patents, different parties and different products. Furminator states that it was directed by the Clerk's Office to file the Laube suit as an unrelated matter for those very reasons. Furminator points out that the instant case involves an infringement claim against Ontel's ShedEnder product on the '846 patent, while the Laube case involves an infringement claim against Laube's iVac product on both the '846 and '076 patents. Furminator contends that as a result, consolidation of the suits is inappropriate, is unnecessary to avoid piecemeal litigation, and would not conserve judicial resources. Furminator also states that extensive discovery was completed in this case in preparation for the preliminary injunction hearing in which Laube did not participate, including the deposition of ten witnesses and

the exchange of written discovery and the production of documents. Finally, Furminator states that because the parties in Laube must conduct discovery on both the '846 and the '076 patents, consolidation would slow discovery in the instant case because it concerns only the '076 patent.

Laube replies that the two patents at issue cover the same basic device and method and that the claims are not substantially different. Laube asserts that many patent cases involving different parties and patents are consolidated when, as here, the additional patents are related, citing Paxonet, Inc. v. Transwitch Corp., 303 F.Supp.2d 1027, 1028-29 (N.D. Cal. 2003). Laube states that the basic test for consolidation under Rule 42(a) is whether the actions involve common questions of fact and law and whether consolidation will facilitate the efficient administration of justice. Laube asserts that both prongs of this test are met here, as the cases involve significant common questions of law and fact related to the invalidity and unenforceability of the '846 and '076 patents, and the claims of the two patents are substantially similar. Laube also asserts that this Court's familiarity with the patents and evidence submitted in Furminator I and this case will result in significant conservation of judicial resources and save the parties significant time and effort.

Federal Rule of Civil Procedure 42(a), which governs consolidation, states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a), Fed. R. Civ. P.

The Court has broad discretion in ordering the consolidation of matters, but that discretion is not unbounded. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). The Court may consolidate separate actions when those actions involve a common question of law or fact. Id. The Court must examine "the special underlying facts" with "close attention" before ordering

3

consolidation.  In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993) (citation omitted).  The purpose of consolidation is to foster convenience and economy in administration. Enterprise Bank, 21 F.3d at 235.  "The party moving for consolidation bears the burden of showing commonality of factual and legal issues in different actions."  In Re Repetitive Stress Injury, 11 F.3d at 373 (citation omitted).

Laube emphasizes the defense issues of patent invalidity and unenforceability in support of its argument that common questions of law and fact exist between the instant case and Laube.  The Court, however, believes the key threshold issues in the Furminator cases concern claim construction and infringement.  The Court's preliminary claim construction rulings in Furminator I are currently before the Federal Circuit, which will determine whether those rulings were proper.[1]  The Federal Circuit's decision will be the law of the case for Furminator I and may also offer some guidance concerning claim construction in the instant case.  The Court has previously observed, however, that the instant matter involves a different patent with different claim language than is at issue in Furminator I.  Further, the key language of the '846 patent on which the Court relied to distinguish the accused products and methods in Furminator I is not present in the '076 patent.  See Mem. and Order of Sept. 21, 2006 (denying Ontel's motion to stay this case pending the Federal Circuit's decision in Furminator I).  The Court also observed that the Federal Circuit may not decide the issue of patent validity on the interlocutory appeal because this Court expressly declined to reach that issue in denying the motion for preliminary injunction in Furminator I.

In the Laube case, Furminator claims infringement of both the '846 and '076 patents, but concerning a completely different accused device than is at issue in Furminator I and the instant case.

---

[1] See Memorandum and Order of March 17, 2006 in Furminator I, No. 4:06-CV-23 CAS.

4

This is a key factual distinction. Laube does not assert that its accused device shares any similarity with the Ontel ShedEnder device. Therefore, the infringement analyses in Furminator I and the instant case will have no bearing on the infringement analysis in Laube. In addition, the Court is concerned that the progress of this case will be delayed because the parties in Laube must conduct discovery on both patents, while the instant case only concerns the '076 patent.

The instant case and Laube do share some common questions of law and fact with respect to claim construction and validity. The Court does not believe, however, that common questions predominate. It is not unusual for there to be numerous cases which share common questions of law or fact but which are not consolidated or assigned to the same judge in this district. This is why the Clerk's Office instructed Furminator that Laube should not be filed as a "related case" to the instant matter or Furminator I. Moreover, Laube has not persuaded the Court that the efficient administration of justice requires that the cases be consolidated. To the extent the Federal Circuit's ruling in Furminator I is relevant to the Laube case, the parties will undoubtedly inform Judge Stohr of that ruling, as well as any rulings in the instant case which may be of interest.

**Conclusion**.

For the foregoing reasons, the Court will deny movant Kim Laube & Company, Inc.'s motion to consolidate this action for pretrial purposes with Furminator, Inc. v. Kim Laube & Co., Inc., 4:06-CV-1314 DJS. Laube's motion to stay all proceedings in the Laube case pending resolution of the preliminary injunction motion in this case will be denied as moot without prejudice, as Furminator's motion for preliminary injunction was withdrawn. Further, any such motion should properly be directed to Judge Stohr for his ruling.

Accordingly,

**IT IS HEREBY ORDERED** that movant Kim Laube & Company, Inc.'s motion to consolidate for pretrial purposes the instant action and <u>Furminator, Inc. v. Kim Laube & Co., Inc.</u>, 4:06-CV-1314 DJS is **DENIED**. [Doc. 41]

**IT IS FURTHER ORDERED** that movant Kim Laube & Company, Inc.'s motion to stay all proceedings in <u>Laube</u> pending resolution of plaintiff's motion for preliminary injunction in this case is **DENIED as moot**, without prejudice. [Doc. 41]

        **CHARLES A. SHAW**
        **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of December, 2006.